THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JAMES A. BOWMAN (Cal. State Bar No. 220227)
Assistant United States Attorney
General Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2213
    Facsimile: (213) 894-6436
    E-mail:  James.Bowman@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR 07-1200-R |
|           Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT |
|      v. | ) SIJIAN CHEN |
| SIJIAN CHEN, | ) |
|           Defendant. | ) |

1.   This constitutes the plea agreement between SIJIAN CHEN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA

2.   Defendant agrees to plead guilty to count one in the Indictment in <u>United States v. Sijian Chen</u>, CR No. 07-1200-R.

///

## NATURE OF THE OFFENSES

3. In order for defendant to be guilty of count one of the Indictment, which charges a violation of Title 21, United States Code, Section 841(a)(1), the following must be true:

    a) Defendant knowingly manufactured marijuana plants; and

    b) Defendant knew that he was manufacturing marijuana plants.

The term "manufacture," as used in Section 841(a)(1), includes producing, planting, cultivating, growing, or harvesting a controlled substance.

Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the Indictment.

Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below for count one of the Indictment, 21 U.S.C. § 841(b)(1)(B)(vii), the government must prove beyond a reasonable doubt that defendant cultivated and manufactured at least 100 marijuana plants. Defendant admits that defendant, in fact, cultivated and manufactured at least 100 marijuana plants as described in count one of the Indictment.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Section 841(a)(1), as alleged in count one of the Indictment is: 40 years' imprisonment; a five-year period of supervised release; a fine of $2,000,000; and a mandatory special assessment of $100.

///

2

5. Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), is a term of 5 years' imprisonment and a 4-year period of supervised release.

6. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

8. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

///

## FACTUAL BASIS

9. Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 13 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct:

Defendant cultivated and harvested marijuana plants at a two-story house located at 6562 Hollis Street in Eastvale, California (the "Eastvale House.")

Specifically, defendant planted, or caused to be planted, at least 732 marijuana plants at the Eastvale House.  Defendant knew that these plants were marijuana plants.  Defendant also worked with an accomplice, Ying Yi Chiu, to maintain the marijuana-growing operation at the Eastvale House and tend to the marijuana plants.  Defendant periodically visited the Eastvale House and assisted Chiu in cultivating the 732 marijuana plants at the house.

On or about September 12, 2007, defendant, Chiu, and an additional accomplice, Ming Jie Zhao, went to the Eastvale House and harvested the marijuana plants.  At approximately 5:45 p.m. that same day, agents from the West County Narcotics Task Force executed a search warrant on the Eastvale House and arrested defendant.  At the time of his arrest, there were at least 732 marijuana plants in the Eastvale House, as well as approximately 20 pounds of harvested marijuana.

## WAIVER OF CONSTITUTIONAL RIGHTS

10. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF DNA TESTING

11. Defendant has been advised that the government has in its possession physical evidence that could be subjected to DNA testing. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant voluntarily gives up that right with respect to all items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offenses to which defendant is pleading guilty.

## SENTENCING FACTORS

12. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established

6

under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

13.  Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

<u>Base Offense Level</u>:  30    [U.S.S.G. § 2D1.1(c)(5), Note E]

The USAO will agree to a downward departure for acceptance of responsibility only if the conditions set forth in paragraph 18 are met.  Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate.  Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. § 4B1.1 and 4B1.2.  In the event that defendant's offense level is so altered, the parties are not bound by the base offense (or adjusted offense) level stipulated to above.

14.  The parties further agree and stipulate that:

a)  Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in count one; and

b)  The offense charged in count one did not result in death or serious bodily injury to any person.

///

7

15. There is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

17. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

18. Defendant agrees that he will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

      e)    Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

      f)    Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

19.    If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

      a)    To abide by all sentencing stipulations contained in this agreement.

      b)    At the time of sentencing to move to dismiss the remaining count of the Indictment against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

      c)    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

       d)   To recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range provided that the total offense level as calculated by the Court is 25 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines imprisonment range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

BREACH OF AGREEMENT

20.   If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

21.   Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

       a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

///

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

<u>LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

22. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 25, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the

following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 25, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

25. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from

any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____     1/21/08
JAMES A. BOWMAN                        Date
Assistant United States Attorney

13

This agreement has been read to me in Mandarin Chinese, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_SI JIAN CHEN_      _1/17/08_
SIJIAN CHEN      Date
Defendant

I, _Michael Hu_, am fluent in written and spoken English and Mandarin Chinese. I accurately translated this entire agreement from English into Mandarin Chinese to defendant SIJIAN CHEN on this date.

_Michael Hu_      _1/17/08_
[INTERPRETER'S NAME]      Date

I am SIJIAN CHEN's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge,

my client's decision to enter into this agreement is an informed and voluntary one.

_[signature]_  1/17/08
MARK T. BLEDSTEIN, Esq.   Date
Counsel for Defendant
SIJIAN CHEN

15